IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHILLIPPI S. LOWE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06cv133-MEF |
| | )                         (WO) |
| RICHARD & ELOISE SMITH, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Phillippi Lowe ("Lowe") filed this complaint against the Smiths alleges that he was seriously injured when defendant Richard Smith caused his vehicle to collide with Lowe's vehicle in Escambia County, Florida. As a result of the collision, the plaintiff alleges that he suffered bodily injury, incurred medical bills and experienced property damage. (Compl. at 3). Lowe alleges that the Smiths are residents of Florida, and he is a resident of Alabama. He seeks compensatory and punitive damages against each defendant in the amount of $75,000.00. (Compl. at 4-5). The court, therefore, has jurisdiction over this matter pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332.

Lowe alleges in his complaint that the accident occurred in Escambia County, Florida, and that the highway patrol officers and paramedics who provided assistance after the accident are located in Florida. In short, all of the the actions about which Lowe complains are alleged to have occurred in Florida and except for Lowe and a companion all of the

witnesses are in Florida. Based upon its review of the pleadings, the court concludes that the interest of justice requires this case be transferred to the United States District Court for the Northern District of Florida.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U. S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.* There is no dispute that the parties in this case are completely diverse and that the jurisdictional amount is met.

However, transfer of this case is proper pursuant to 28 U.S.C. § 1406(a), which provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In the case at bar, there is no question that venue is proper in the Northern District of Florida. As previously noted, the automobile accident occurred in Escambia County, Florida which is located in the Northern District of Florida. The majority of the witnesses are located in the Northern District of Florida. None of the complained of events occurred in the Middle District of Alabama and none of the events are alleged to have occurred in the Middle District of Alabama. The only connection to the Middle District of Alabama is the plaintiff

resides within the district. However, as the plain language of 28 U.S.C. § 1391(a)[1] makes clear, for the purposes of establishing venue the residence of the plaintiff is irrelevant. The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case. *See Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991); *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D.Ala. 1996). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Therefore, the court concludes that the interest of justice demands that this case be transferred to the United States District Court for the Northern District of Florida.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case transferred to the United States District Court for the Northern District of Florida pursuant to the provisions of 28 U.S.C. § 1406(a). It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 2, 2006**. Any objections filed must specifically identify the findings in the

---

[1] 28 U.S.C. § 1391(a): "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17 day of February, 2006.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE